## STATE v WRIGHT

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 17686. Decided May 13, 1940.

Frank T. Cullitan, Prosecuting Attorney, Cleveland; Neil W. McGill, Asst. Prosecutor, Cleveland, for plaintiff-appellee.

William E. Minshall, Esq., Cleveland, for defendant-appellant.

## OPINION

By MONTGOMERY, J.

Howell Wright was convicted and sentenced in the Common Pleas Court of Cuyahoga County upon two counts of an indictment which charged the solicitation by him, as an officer and trustee of the Cleveland Public Library Board, of the sum of One Thousand Dollars ($1000.00) from each of two book binding companies and their officers. From that judgment of conviction an appeal was perfected to this court. Twenty-six assignments of error are specified. It has long been the experience of the members of this court that the greater the number of assigned errors, the fewer are the questions which cause grave concern. So, in the instant case, an examination of the great majority of these specifications of error shows that they contain nothing of merit. The real question is the sufficiency of the evidence to justify a conviction. Two other matters deserve brief consideration.

It is contended by the appellant that his office, his duties and his powers were such that even though claims made against him were true, he still would be guilty of no offense under the law. It seems to us that this claim is answered adequately by the provisions of §7637 GC, and the evidence as disclosed by the record, not only of the authority vested in him as a member

of the Board but as one of its ranking officers

It is urged that the trial court committed error in the additional instructions given to the jury upon its request for instructions after a long period of disagreement.

While undue emphasis may have been placed upon the propositions advanced by the court, nevertheless, the statement of the law is clearly justified · and is in complete accord with the holding of the Supreme Court in the case of Liska v State of Ohio, 115 Oh St 83.

There remains, as indicated, the question of the sufficiency of the evidence and that is considered by us in the light of the holding of the Supreme Court in the case of Cooper v State, 121 Oh St 362, which was followed and discussed by this court when it reviewed the conviction in the Common Pleas Court of Cuyahoga County in the case of State of Ohio v Harwood.

The record shows an indictment upon three counts, the third being for the actual receipt of the sum of money, as a bribe. The defense interposed to the first and second counts was a denial and was supported only by the evidence of the accused. An additional defense, an alibi was interposed to the third count and upon that third count the jury found the defendant not guilty. It is now urged to us that since the jury found against the prosecuting witnesses upon the third count, that they are not entitled to be believed when they testify with reference to the first and second count. However, it seems to us that there is no irreconcilable or inconsistent difference between the two findings.

On the defense to the third count the trial court charged the jury that if there were, in the minds of the jury, a reasonable doubt of the defendant's guilt then the verdict should be one of not guilty on that count, even though they should not be able to find that the alibi was fully proved. It is readily understandable that in view of the character of the alibi and the witnesses produced to sustain it, the members of the jury may have had a reasonable doubt as to this particular charge, but it does not follow from such a finding that there was no credible or sufficient evidence to justify the conviction upon the other counts.

A study of the record in this case not only of the positive evidence introduced by the State's witnesses, but of the circumstantial evidence properly admitted, convinces us that there was credible evidence of that character and degree which the case required sufficient to justify the conviction.

We are not called upon, and we of course do not determine the case upon our own impression. The question of the credibility of the witnesses was for the jury under proper submission by the court. We find the case was properly submitted in every respect and find the proof adequate and sufficient.

We have read with considerable care the testimony of the accused upon the stand and the evidence offered by the State in rebuttal and this study discloses such a conflict in testimony, such a discrediting of the accused in many particulars that it becomes additionally clear why the witnesses for the State were believed rather than the defendant himself.

It follows that the judgment of the Common Pleas Court may be affirmed. Exceptions.

SHERICK, PJ. & LEMERT, J., concur.